## John M. McClun, Plaintiff in Error, v. Theodore Furnya, Defendant in Error.

### Gen. No. 22,137. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN COURT-NEY, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed June 19, 1916.

### Statement of the Case.

Action by John M. McClun, plaintiff, against Theodore Furnya, defendant, on a promissory note. To reverse a judgment for defendant, plaintiff prosecutes a writ of error.

Theodore Furnya, defendant, intending to purchase real estate from Catherine Joyce, paid to her agent, John M. McClun, the plaintiff, $100 earnest money, $80 cash and $20 by his note.

The contract was entered into on February 4, 1915. By its terms it was provided that an abstract or a guaranty policy should be furnished to the defendant "within a reasonable time," also that a loan of $1,000 drawing interest at six per cent. should be furnished to defendant within sixty days from date of the contract, and if the loan was not furnished the contract was to be null and void and the earnest money returned to defendant. The evidence showed that although defendant made repeated efforts to obtain an abstract or guaranty policy, and was given many promises that it would be delivered to him, none was furnished; that when sixty days after the date of the contract had expired, and several days thereafter, and neither an abstract, guaranty policy nor the loan contemplated by the contract had been furnished, defendant served notice upon Catherine Joyce and the plaintiff of his election to terminate the contract. The evidence also

shows that no guaranty policy was ordered until about ninety days after the signing of the contract.

RATHJE & WESEMANN, for plaintiff in error; GUY VAN SCHAICK, of counsel.

BLUIM & TEED, for defendant in error.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

### Abstract of the Decision.

VENDOR AND PURCHASER, § 327*—*when purchaser entitled to return of earnest money upon failure of vendor to fulfil condition.* Where earnest money was paid and a note given by a prospective purchaser of real estate to the owner's agent to bind a contract of purchase, whereby the owner agreed to furnish an abstract of title or a guaranty policy within a certain time, and if the loan was not furnished the contract was to be null and void and the earnest money returned to the prospective purchaser, and such owner failed to perform, *held* that the prospective purchaser was entitled to the return of the money and that the agent could not recover on the note.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.